IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY MARCELOUS KNOX, Sr.

     Plaintiff,                    No. 2:09-cv-3537 KJN P

     vs.

SACRAMENTO COUNTY
PUBLIC DEFENDER'S OFFICE

     Defendants.               ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis. This case is before the undersigned pursuant to plaintiff's consent. Dkt. No. 5. On March 9, 2010, plaintiff's complaint was dismissed with leave to amend. Plaintiff has timely filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1

1     A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
4 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7 Cir. 1989); Franklin, 745 F.2d at 1227.

8     Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
9 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
10 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
11 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
12 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more
13 than "a formulaic recitation of the elements of a cause of action;" it must contain factual
14 allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,
15 "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair
16 notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551
17 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal
18 quotations marks omitted).  In reviewing a complaint under this standard, the court must accept
19 as true the allegations of the complaint in question, id., and construe the pleading in the light
20 most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

21     Plaintiff's original complaint sought compensation from the Sacramento County
22 Public Defender's Office for ineffective and unprofessional assistance of counsel.  The court
23 noted that pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), plaintiff had not demonstrated
24 that his conviction or sentence had been invalidated, expunged or reversed and granted plaintiff
25 leave to file an amended complaint to provide additional information.

26     Plaintiff's amended complaint has not rectified the deficiencies of his prior

complaint. Plaintiff indicated that he is serving a term of 26 years to life in state prison, but there is no indication that his conviction has been invalidated, expunged or reversed. Thus, plaintiff cannot proceed with this action for money damages and this case should be dismissed and closed.

As noted before, in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), an Indiana state prisoner brought a civil rights action under § 1983 for damages. Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure"). Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody. The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under 1983.

<u>Heck</u>, 512 U.S. at 486. The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed. <u>Id.</u>

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's complaint is dismissed and this case is closed.

DATED: April 2, 2010

/s/ Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

knox3537.dism